**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 08-35234 |
| | ) | |
| David Nickerson, | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER

The court held a hearing on April 15, 2009, on the Motion of the United States Trustee to Review Fees Paid and Services Rendered and Request for Order Directing Disgorgement of Fees Deemed Excessive. [Doc. #20]. An Attorney for the United States Trustee appeared in person at the hearing. Attorney for Debtor, to whom the relief requested in the motion is directed, did not appear. Nor was there any response to the Motion filed as directed by the court's order entered on February 24, 2009. [*See* Doc. # 25].

The factual averments of the motion have not been contested by counsel. The court agrees that the facts as asserted show that counsel for Debtor did not respond, in the manner required for proper and effective representation of a chapter 7 debtor, to appropriate inquiries by the Office of the United States Trustee in furtherance of its statutory duties. The United States Trustee was seeking documents and information about Debtor's case and the documents filed on his behalf in his case because there were

discrepancies, omissions and inaccuracies on certain filed documents that had to be responded to and addressed. While Debtor ultimately obtained a discharge, which was the relief he sought and the purpose of his chapter 7 case, the meeting of creditors had to be continued due to the non-response and the relief sought by Debtor herein was put in jeopardy by the non-response. Also, given the ubiquity and general effectiveness of e-mail communication, both in formal court filing practice through the CM/ECF system, and otherwise by court staff and other parties in interest, it is a reasonable expectation by the court and by parties in interest such as the United States Trustee, absent a specific directive in a particular matter, that e-mail inquiries are a reasonable method of communication on matters such as those being addressed here. Accordingly, the court finds that counsel did not render and render timely and effectively all of the legal services expected by the court and to which Debtor was entitled in exchange for the fee charged to Debtor. The problem was then compounded by the lack of any filed or even oral response to the United States Trustee's instant motion.

Counsel's Rule 2016 compensation disclosure form shows that the fee charged and paid by Debtor was $800. [*See* Doc. #1, p.36]. As a result of the foregoing findings, the court determines that the compensation paid exceeds the reasonable value of the services rendered. Pursuant to 11 U.S.C. § 329(b), the court hereby orders return to Debtor of $400 of the compensation paid. Disgorgement of the entire fee is not appropriate, however, because Debtor did obtain his chapter 7 discharge.

Based on the foregoing, and as otherwise explained by the court on the record at the hearing,

**IT IS ORDERED** that the Motion of the United States Trustee to Review Fees Paid and Services Rendered and Request for Order Directing Disgorgement of Fees Deemed Excessive [Doc. #20] is **GRANTED**; and

**IT IS FURTHER ORDERED** that Attorney for Debtor shall repay to Debtor the total amount of $400.00. This sum must be repaid on or before **May 8, 2009.** Attorney for Debtor shall file with the court and serve on Debtor and the United States Trustee certification confirming the repayment on or before **May 15, 2009.**